Leo Brown, J.
Plaintiff husband moves to punish his wife, the defendant, “ for her failure to permit and comply with the visitation rights afforded the plaintiff”.
The instant action was brought in this court for a divorce predicated upon a subsisting judgment of separation. The separation action was instituted by the wife in the Supreme Court, Nassau County, where, on May 26, 1967, she was granted judgment on the ground of “ cruel and inhuman treatment ”. The judgment awarded sole custody of the infant daughter of the parties, now four years of age, to the mother, with certain visitation rights to the father. Among these, it was ordered that the father “ shall have the right to take the child for two weeks during the summer months commencing with the year 1968 ”.
It appears clear from the papers submitted on this application that the mother immediately embarked upon a course of conduct calculated to frustrate the plaintiff’s visitation rights provided by the judgment. This eventuated in her twice being held in contempt of court for this conduct by two Justices in the Supreme Court, Nassau County, on applications made in the separation action. One of these motions resulted in that court’s modifying the final judgment in the separation action by order dated September 6, 1968, so as “to provide that defendant’s [husband’s] two week visitation with the child during the summer shall commence with the year 1969 rather than 1968 ”.
The plaintiff husband in the instant action, an attorney at law, stated in open court when this motion appeared on the calendar, that the entire purpose of the motion was to seek enforcement of his summer visitation rights and to make certain that he would have custody of his daughter for two weeks this summer.
The court thus has before it a motion in the divorce action, pending in Queens County, by the plaintiff to punish the defendant for contempt of court for the violation of a judgment obtained in a separation action in the Supreme Court, Nassau County. The motion must be denied for lack of jurisdiction.
If there be here a contempt, it would be a civil contempt, the power of the court to punish which is governed by section 753 of the Judiciary Law (see, e.g., subd. 8). The beginning of that section provides as follows: “ A court of record has power to punish * * * a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil *624 action or special proceeding, pending in 'the court may be defeated, impaired, impeded, or prejudiced (Emphasis added.) It appears from this that a court has power to punish for contempt the violation of an order made in an action pending in that court.
Section 757 of the Judiciary Law prescribes that an application of this nature shall be made.by way of an order to show cause. In this connection section 761 of the Judiciary Law provides in part: 1 ‘ An order to show cause is equivalent to a notice of motion; and the subsequent proceedings thereupon are taken in the action or special proceeding, as upon a motion made therein. ’ ’
It has, accordingly, been uniformly held that an application to punish for a civil contempt does not constitute a separate and independent proceeding, but is a motion in the action itself. (Drinkhouse v. Parka Corp., 3 N Y 2d 82, 90, and cases there cited; Karpf v. Karpf, 260 App. Div. 701.)
In the Karpf case (p. 703), the court held in language particularly apposite here:
“ Disobedience of the provisions of a judgment of this nature [a final judgment of separation] constitutes contempt of the court which entered the decree. [Citing cases.]
1 ‘ A motion to punish for contempt for non-payment of alimony provided for in a final judgment of separation is a motion in the action, and not a special proceeding. [Citing cases.]
“Under the circumstances, the application, which is one to punish for a civil contempt, must be treated as a part of the main cause ”.
Although Karpf was directed to the need for personal service, the principle enunciated is equally cogent with respect to jurisdiction.
It follows that this court is without power to entertain in this divorce action pending in the Supreme Court, Queens County, a motion to punish for contempt of court for the violation of a final judgment of separation granted by the Supreme Court, Nassau County.
The motion is denied without prejudice, however, to plaintiff husband’s right, if he deems it advisable, to apply in the separation action in the Supreme Court, Nassau County, for the relief sought here.