In re Kirk Wade STEGALL, Debtor.

Cheri L. STEGALL, Plaintiff,

v.

Kirk Wade STEGALL, Defendant.

Bankruptcy No. 95–30166.
Adv. No. 95–3019.

United States Bankruptcy Court,
W.D. Missouri.

Oct. 16, 1995.

Terrence D. Prigmore, Joplin, MO, for Plaintiff.

Donald E. Sotta, Joplin, MO, for Defendant.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Plaintiff Cheri Huckstep, formerly Cheri Stegall, challenges the dischargeability of a debt assumed by her former husband, debtor/defendant Kirk Stegall ("debtor"), as part of the property settlement in the parties' dissolution proceeding. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, I find that the debtor's obligation to pay the assumed debt is dischargeable.

### FACTUAL BACKGROUND

The facts in this case are not disputed. Debtor and Ms. Huckstep were divorced on June 15, 1994. The Decree approved a Property Settlement which simply listed which debts were to be assumed by each of the parties. There is no hold harmless or indemnification agreement in either the Decree or the Property Settlement Agreement. The debt at issue here is the debt owed to Southwest Missouri Bank ("SMB").

On June 20, 1992, debtor and Ms. Huckstep borrowed $12,000.00 from SMB secured by a promissory note and deed of trust on a home owned by Ms. Huckstep's father Linus Huckstep. The promissory note is signed by debtor, Cheri Stegall [now Huckstep], Linus Huckstep, and Cindy Huckstep, Linus Huckstep's wife. Both parties testified that the loan proceeds were used primarily to pay credit card debts of debtor. A balance of $7,912.93 remains on said loan. Debtor made the payments on the loan until he filed a Chapter 7 bankruptcy petition on April 21, 1995. Debtor listed the obligation to SMB on his bankruptcy schedules as an unsecured debt. He did not list Cheri Huckstep as a co-debtor. Debtor received a discharge of debts, including the one owed to SMB, on August 8, 1995. Doc. # 5, Case No. 95–30166.

Ms. Huckstep testified that she has attempted to make the monthly payments to SMB since the debtor stopped doing so, but she is unable to do so and still support herself. She asks this Court to find that the

**598**

debtor's obligation to pay the debt owed to SMB is excepted from discharge pursuant to 523(a)(15).

## DISCUSSION

Section 523(a)(15) was added to the Bankruptcy Code (the "Code") in the Bankruptcy Reform Act of 1994. The section reads as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15).

As seen, Section 523(a)(15) applies to those debts "incurred" in the course of a divorce or separation. Here, no such debt was incurred. Prior to the divorce the debtor, his wife, and her parents were all liable to SMB. The property settlement agreement and decree did not change that. If, by contrast, the agreement had provided that debtor would indemnify and hold plaintiff harmless to the extent she made payments to SMB, a new obligation might have been incurred. And, to the extent plaintiff actually made such payments, section 523(a)(15) might have come into play. Section 523(a)(15) is not applicable, however, in this case because neither the property settlement agreement nor the decree created a debt not otherwise in existence. Therefore, judgment should be entered in favor of debtor. An Order accordingly will be entered this date.