**In re Deborah Atwood RICHARDSON a/k/a Deborah Atwood Salyers, Debtor.**

**Arthur Michael SALYERS, Plaintiff,**

v.

**Deborah Atwood RICHARDSON, Defendant.**

**Bankruptcy No. 97–30025.
Adversary No. 97–3004.**

United States Bankruptcy Court,
E.D. Kentucky,
Frankfort Division.

Sept. 15, 1997.

James R. Odell, Lexington, KY, for plaintiff.

John C. Ryan, Frankfort, KY, for defendant.

### *MEMORANDUM OPINION*

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the defendant's Motion for Judgment on the Pleadings and/or Summary Judgment, filed herein on June 13, 1997. This is an action to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(5) or § 523(a)(15). This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

The plaintiff filed his Complaint alleging that the defendant, his former spouse, was obligated to pay a portion of a debt to his mother which was incurred while they were married. He alleged that an Agreed Order entered into with the debtor in connection with their divorce, wherein she agreed to assume that liability, constituted a non-dis-chargeable debt under 11 U.S.C. § 523(a)(5) and/or § 523(a)(15). He has since conceded that § 523(a)(5) is not applicable, and discussion will be confined to § 523(a)(15) which provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

> .    .    .    .    .

> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a government unit unless—

> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

After the filing of the defendant's Motion for Judgment on the Pleadings and/or Summary Judgment, as set out above, the plaintiff responded by filing his Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings or for Summary Judgment. The Court conducted a hearing on the Motion and the response and the matter was taken under consideration.

The defendant points out that the debt is owed to the plaintiff's mother and not to plaintiff personally, and contends that it cannot be considered under § 523(a)(15) unless he can establish that a new obligation in his favor was created by the above-referenced Agreed Order. The defendant cites this Court's opinion in *In re Owens,* 191 B.R. 669 (Bkrtcy.E.D.Ky.1996), in support of her position.

In *Owens* two debts covered by the separation agreement entered into by the parties were considered for determination of dischargeability pursuant to § 523(a)(15). The debtor had agreed to be responsible for the indebtedness on a vehicle set aside as the property of his former spouse and to hold her harmless from that indebtedness. He had also agreed to pay certain bank notes totaling approximately $10,850.00; this provision, however, contained no "hold harmless" language. This Court stated:

The first indebtedness, wherein the debtor was required to make payments . . . on the loan for the Jeep driven by the plaintiff, contains the significant language '. . . and hold the Petitioner harmless from . . .' with respect to this indebtedness. It appears that this 'hold harmless' language is significant in that it appears to be language which creates a new indebtedness, from respondent/defendant to petitioner/plaintiff in this particular case . . . . as contemplated by the statute. The Court concludes that the Jeep indebtedness is a debt 'incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement' contemplated by § 523(a)(15) and, unless the defendant is successful in his assertion of the affirmative defenses set forth in subparagraph (A) or subparagraph (B), would be a non-dischargeable debt.

With respect to the debts set forth in paragraph (11) of the Agreement, the remaining debts of which are the notes . . . totaling $5,650.57, the hold harmless language found in paragraph (5) is conspicuously absent. The absence of the hold harmless language or any other language in this paragraph which could be construed to make a new debt from respondent/defendant to petitioner/plaintiff, leads to the conclusion that this is not a debt 'incurred by the debtor in the course of the . . . separation agreement'. *In re Stegall*, 188 B.R. 597 (Bkrtcy.W.D.Mo.1995). Therefore, the debts described in paragraph (11), to the extent that they remain owing, are not made non-dischargeable by the language of § 523(a)(15).

At pages 673-674.

The *Stegall* case, referred to hereinabove, elaborates on the concept of a new debt incurred in the course of divorce, separation, or a separation agreement. There the court explained that a debt provided for in a property settlement agreement was dischargeable because

[p]rior to the divorce the debtor, his wife, and her parents were all liable to [the creditor]. The property settlement agreement and decree did not change that. If, by contrast, the agreement had provided that debtor would indemnify and hold plaintiff harmless to the extent she made payments to [the creditor], a new obligation might have been incurred. And, to the extent plaintiff actually made such payments, section 523(a)(15) might have come into play. Section 523(a)(15) is not applicable, however, in this case because neither the property settlement agreement nor the decree created a debt not otherwise in existence.

*In re Stegall*, 188 B.R. at page 598.

In the case at bar, the same reasoning obtains. The debt to the plaintiff's mother existed before the parties' divorce, memorialized by a promissory note apparently entered into sometime in 1985. It was addressed in the Agreed Order which assigned responsibility for repayment of specified amounts by the plaintiff and the defendant. Neither one agreed to indemnify or hold the other harmless in regard to liability for his or her portion of the debt. Pursuant to the terms of the Agreed Order, the plaintiff and defendant were liable to his mother just as they had been before their divorce. Dividing the total due between the two of them did not change the fact that the plaintiff's mother could pursue one or the other upon any failure to pay.

The plaintiff counters with the argument that the presence or absence of hold harmless language is insignificant, and that § 523(a)(15) "has the effect of making all divorce related obligations subject to a presumption of non-dischargeability." *In re Armstrong*, 205 B.R. 386, 391 (Bkrtcy. W.D.Tenn.1996). The Marital Dissolution Agreement before the court in *Armstrong* required the parties to hold each other harm-

less for the debts each had assumed, however, and this Court can only conclude that these new debts are the "divorce related obligations" to which the *Armstrong* court refers. This case does not, therefore, support the plaintiff's position. In fairness to the plaintiff, however, the *Armstrong* court cites as authority two cases which clearly reach a different conclusion than this Court reached in *Owens*. *In re Cleveland,* 198 B.R. 394 (Bkrtcy.N.D.Ga.1996); *In re Schmitt,* 197 B.R. 312 (Bkrtcy.W.D.Ark.1996). For reasons set out below, this Court disagrees with those holdings.

The plaintiff goes on to argue that Kentucky law, as set out in KRS 403.180(5), accords the terms of separation agreements the status of new and enforceable obligations without hold harmless or indemnity language. That statute, enacted by the Kentucky legislature many years prior to Congress' enactment of § 523(a)(15), provides that "[t]erms of the agreement set forth in the decree are enforceable by all remedies available for enforcement of a judgment, including contempt, and are enforceable as contract terms." The plaintiff cites *In re Carlisle,* 205 B.R. 812 (Bkrtcy.W.D.La.1997), in support of this position.

The performance under consideration in the *Carlisle* case was the debtor's agreement to fund a Chapter 13 plan which was intended to save marital property from foreclosure. The court went on to say that pursuant to KRS 403.180(5), the debtor's spouse could receive a damage award for the debtor's failure to perform his obligations to her. These obligations, the court opined, had been created in the course of the divorce and property settlement, thus implicating § 523(a)(15). The court did not agree with this Court that the absence of hold harmless language was significant. The *Carlisle* court's interpretation of the Kentucky statute would make all debts allocated to the debtor spouse in a divorce proceeding non-dischargeable under § 523(a)(15) unless the debtor could succeed in asserting either of the two affirmative defenses set out in that section. That result appears to be contrary to the legislative history of this section enacted as part of Public Law No. 103–394.[1]

---

1. 140 Cong. Rec. H 10,764 (daily ed. October 4, 1994) where Congressman Brooks inserted into the record a section-by-section analysis of the bill's provisions, the portion of which relates to what became 11 U.S.C. § 523(a)(15) reads as follows:

Subsection (e) adds a new exception to discharge for some debts arising out of a divorce decree or separation agreement that are not in the nature of alimony, maintenance or support. In some instances, divorcing spouses have agreed to make payments of marital debts, holding the other spouse harmless from those debts, in exchange for a reduction in alimony payments. In other cases, spouses have agreed to lower alimony based on a larger property settlement. If such "hold harmless" and property settlement obligations are not found to be in the nature of alimony, maintenance, or support, they are dischargeable under current law. The nondebtor spouse may be saddled with substantial debt and little or no alimony or support. This subsection will make such obligations nondischargeable in cases where the debtor has the ability to pay them and the detriment to the nondebtor spouse from their nonpayment outweighs the benefit to the debtor of discharging such debts. In other words, the debt will remain dischargeable if paying the debt would reduce the debtor's income below that necessary for the support of the debtor and the debtor's dependents. The Committee believes that payment of support needs must take precedence over property settlement debts. The debt will also be discharged if the benefit to the debtor of discharging it outweighs the harm to the obligee. For example, if a nondebtor spouse would suffer little detriment from the debtor's nonpayment of an obligation required to be paid under a hold harmless agreement (perhaps because it could not be collected from the nondebtor spouse or because the nondebtor spouse could easily pay it) the obligation would be discharged. The benefits of the debtor's discharge should be sacrificed only if there would be substantial detriment to the nondebtor spouse that outweighs the debtor's need for a fresh start.

The new exception to discharge, like the exceptions under Bankruptcy Code section 523(a)(2), (4), and (6) must be raised in an adversary proceeding during the bankruptcy case within the time permitted by the Federal Rules of Bankruptcy Procedure. Otherwise the debt in question is discharged. The exception applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation. If the debtor agrees to pay marital debts that were owed to third parties, those third parties do not have standing to assert this exception, since the obligations to them were incurred prior to the divorce or separation agreement. It is only the obligation owed to the spouse or

The fact that one spouse has a state remedy for the other spouse's failure to perform under a property settlement agreement does not change the fact that a debt for which a debtor has agreed to be responsible is still a debt owed to a creditor; and that absent hold harmless or similar language creating **a new debt** from the debtor to his spouse, the relationships among the debtor, his spouse, and the creditor as concerns the debt remain the same.

This Court must therefore agree with the defendant that, consistent with its holding in *Owens, supra,* the debt being considered herein is dischargeable as not being within the purview of a debt contemplated by 11 U.S.C. § 523(a)(15). The defendant has carried forward her burden of demonstrating that there is no genuine issue as to any material fact and that she is entitled to judgment as a matter of law.

former spouse—an obligation to hold the spouse or former spouse harmless—which is within the scope of this section. See *In re*

*MacDonald,* 69 B.R. 259, 278 (Bankr.D.N.J. 1986).