In re James Donald BURCKHALTER,
Debtor.

Karen M. Burckhalter, Plaintiff,

v.

James Donald Burckhalter, Defendant.

Bankruptcy No. 07–18249 HRT.

Adversary No. 07–1660 HRT.

United States Bankruptcy Court,
D. Colorado.

June 23, 2008.

Whitman Robinson, Coleman, Williams & Wilson, Grand Junction, CO, for Plaintiff.

Randall B. Pearce, Grand Junction, CO, for Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

HOWARD R. TALLMAN, Chief Judge.

This case comes before the Court on *Plaintiff's Dispositive Motion for Summary Judgment* filed on April 28, 2008 (Docket # 25) (the "Motion"); *Defendant's Response* filed on May 19, 2008 (Docket # 26); and *Plaintiff's Reply re: Dispositive Motion for Summary Judgment* filed on June 2, 2008 (Docket # 27). The Court, having reviewed the file and being advised in the matter, makes the following findings of fact, conclusions of law and Order.

### I. Background:

The Plaintiff is the ex-wife of the Debtor/Defendant. The Plaintiff commenced this adversary proceeding by filing her *Complaint Objecting to Discharge of Debt* on October 22, 2007 (Docket # 1) (the "Complaint"). The Plaintiff seeks to except from the Defendant's discharge a $22,000 Capital One credit card bill (the "Capital One debt") and over $7,000 in child support arrearage. The Complaint asserts that both of these debts are excepted from discharge as a "domestic support obligation" under 11 U.S.C. §§ 101(14A) and 523(a). However, the Motion argues that the child support arrearage is nondischargeable under § 523(a)(5) and the Capital One Debt is nondischargeable under § 523(a)(15). Both debts are covered under an Amended Separation Agreement (with Children), which was executed and filed with the domestic court on June 7, 2004, (the "Separation Agreement"). That Separation Agreement was incorporated as Exhibit A to the Decree of Dissolution of Marriage (the "Divorce Decree") entered by the domestic court on July 6, 2004.

The *Defendant's Answer* was filed on November 14, 2007 (Docket # 5). The Defendant, *pro se* at that time, stated that the debts were nondischargeable under the Bankruptcy Code and the adversary proceeding did not need to be filed. The Defendant also asserted that pursuant to the Separation Agreement and Divorce Decree, conflicts were to be handled by mediation.

The *Amended Answer to Complaint Objecting to Discharge of Debt* was filed by the Defendant, through counsel, on January 15, 2008 (Docket # 16). In the Amended Answer, the Defendant admits that the child support obligation is nondischargeable, but denies that the payment obligation to pay the Capital One debt is a domestic support obligation, or is in the nature of spousal support. While the Defendant admits that he agreed to pay the Capital One debt, he denies that he agreed to indemnify the Plaintiff from such debt.

### II. Standard for Summary Judgment:

Summary judgment is to be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] The moving party bears the initial burden of making a *prima facie* demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[2] This Court will review the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.[3]

---

1. FED.R.CIV.P. 56(d) made applicable to adversary proceedings by FED.R.BANKR.P. 7056.

2. *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir.2000).

3. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–

### III. *Material Facts that Exist Without Substantial Controversy:*

Plaintiff and Defendant were married with a daughter. They eventually filed for dissolution in District Court, Mesa County, Colorado (the "Domestic Court"), Case No. 04–DR308. The parties executed the Settlement Agreement establishing the terms of their separation. The terms of the Settlement Agreement appear to have been consensual. A certified copy of the Divorce Decree dated July 6, 2004, including the Settlement Agreement, is attached to the Motion as Appendix 1. The Defendant does not dispute the authenticity or the substance of those documents.

According to the terms of the Settlement Agreement, Plaintiff was obligated to pay a Mastercard credit card debt and the Defendant was obligated to pay the Capital One debt. The Defendant further agreed to pay child support.

In his response to the motion, the Defendant does not dispute that he is obligated to pay the child support owed to the Plaintiff.

### IV. *Material Controverted Facts:*

There do not appear to be any genuine issues of material fact raised in either the Plaintiff's Motion or Defendant's Response. The only point of disagreement is that the Defendant believes the Capital One debt should be dischargeable.

### V. *Discussion:*

There appear to be only two issues before the Court. First, did the Plaintiff sufficiently plead her request to have the Defendant's marital credit card debt held nondischargeable in her Complaint? Second, is the Capital One debt a marital obligation such that it should be held to be nondischargeable?

(A) The Complaint:

 The Defendant makes the argument that because the complaint does not specify 11 U.S.C. § 523(a)(15), the Plaintiff cannot rely on that section for relief. The Plaintiff's prayer for relief requests a "judgment against Defendant declaring that the child support and Capital One credit card debts owed by the Defendant to the Plaintiff are nondischargeable pursuant to 11 U.S.C. § 523(a)." However, in the body of the complaint, the Plaintiff references 11 U.S.C. § 523(a)(5), not (a)(15).

Plaintiff has created some confusion. In her Complaint, she characterized both the child support obligation and the Capital One Debt as domestic support obligations. But in this Motion, she claims that the child support is nondischargeable under § 523(a)(5) as a domestic support obligation and that the Capital One Debt is a nondischargeable marital obligation under § 523(a)(15).

Nonetheless, under federal notice pleading rules, the Court believes that Plaintiff has adequately pleaded nondischargeability of the Capital One Debt.[4] She has specifically identified the credit card debt she seeks to have found nondischargeable. Despite the fact that § 523(a)(15) is not identified in the Complaint as the grounds for nondischargeability of the Capital One Debt, the Plaintiff's Motion very specifical-

---

23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir.1999).

**4.** *See United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1228 (10th Cir.2003) ("The Supreme Court has empha-

sized that the requirements at the pleading stage are *de minimus*.") (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 104, 118 S.Ct. 1003, 1017, 140 L.Ed.2d 210 (1998)).

ly argues her basis for challenging dischargeability of that debt under § 523(a)(15) and Defendant not only had every opportunity to meet the substance of the Plaintiff's § 523(a)(15) claim, he did so.

It would be a meaningless exercise for the Court, at this juncture, to deny the Plaintiff relief with respect to the Capital One Debt due to the way it was originally pled. If the Court were to do so, because Plaintiff's Complaint clearly sought nondischargeability of the Capital One Debt, she would be entitled to amend her Complaint to correct the statutory basis of nondischargeability with respect to that debt and the amendment would relate back to the original Complaint. Moreover, the Motion has specifically separated the statutory basis of nondischargeability for the support obligation from the Capital One Debt so that Defendant was able to present the Court with his argument under § 523(a)(15). The Court will not multiply the legal costs associated with this case by refusing to address the substance of the § 523(a)(15) claim. Despite pointing out the initial pleading difficulty, Defendant has clearly and cogently presented an argument in opposition to the § 523(a)(15) claim and the Court will consider the merits of that argument.

### (B) Capital One Debt:

With respect to the Capital One debt, the Defendant raises the argument that, because he did not agree to indemnify or hold Plaintiff harmless in the Separation Agreement, the debt should be dischargeable. The Court disagrees.

The changes to 11 U.S.C. § 523(a)(15) in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPC-PA") streamline the resolution of martial obligation disputes.

Section 523(a)(15) states:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . .

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit; . . . . [5]

Prior to the enactment of BAPCPA, the debtor had two affirmative defenses to a § 523(a)(15) claim: the undue burden defense and the balancing test. Neither of these now applies as a result of the BAPCPA revisions. As a result, all the Plaintiff must establish is that the debt in question is to a spouse, former spouse or child of the debtor; is not a support obligation of the type described in § 523(a)(5); and that the obligation appears in a separation agreement, divorce decree or other order of a court of record.

It is undisputed that the obligation to pay the Capital One Debt appears in the parties' Separation Agreement; and that it is not a domestic support obligation as described in § 523(a)(5). Defendant argues that the Court must find the debt dischargeable because it fails the first test. According to Defendant, there is no debt owed to Plaintiff because of the lack of any hold harmless or indemnification language in the agreement. Instead, the debt is owed directly to Capital One and, since the debt is not owed to the Plaintiff, it does

---

5. 11 U.S.C. § 523(a)(15).

not satisfy the requirements of § 523(a)(15). That is a position that has substantial case law support. A number of bankruptcy courts have found marital debts such as the one under consideration in this case to be dischargeable because of a lack of hold harmless or indemnification language in the parties' divorce decree or property settlement.[6]

The parties proceeded without counsel in their divorce proceedings. Both the Separation Agreement and the Divorce Decree are check-the-box and fill-in-the-blanks forms. Construction and enforcement of the Separation Agreement are controlled by Colorado's version of the Uniform Dissolution of Marriage Act.[7] Section 14–10–112(5) provides that "[t]erms of the agreement set forth in the decree may be enforced by all remedies available for the enforcement of a judgment, including contempt, but are no longer enforceable as contract terms."[8]

The specific provision at issue is ¶ 9 of the Separation Agreement entitled "Debts." In that paragraph, the parties clearly delineate which credit card debts that each shall be responsible for. Defendant clearly agreed to be responsible for the Capital One Debt. Below the blanks where that information is filled in appears the following:

**AND**

The party responsible for the debts ☐ will ☐ will not (check one) indemnify the other party and hold him/her harmless for those debts.[9]

The parties did not check either box to indicate their intention that the Separation Agreement should, or should not, include a hold harmless provision. Thus, the parties' intention is ambiguous on this point. However, the Court's focus is not on the intention of the parties, as it would be in a typical contract enforcement action, because, under Colorado law, the terms of the Separation Agreement "are no longer enforceable as contract terms."[10]

The core question is whether an obligation, embodied in a domestic court order, to pay a pre-existing marital debt owed to a third party, in the absence of a hold harmless provision, is a debt owed "to a spouse, former spouse, or child of the debtor ... that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record ...."[11] within the meaning of § 523(a)(15). Subsequent to the decision of the Bankruptcy Appellate Panel for the Sixth Circuit in the case of *In re Gibson,*[12] "most courts look to applicable non-bank-

6. *See, e.g., In re LaRue,* 204 B.R. 531, 536 (Bankr.E.D.Tenn.1997) ("[I]n the absence of a hold harmless agreement, § 523(a)(15) is inapplicable to joint debts that were incurred by the Debtor prior to the divorce proceeding."); *In re Owens,* 191 B.R. 669, 674 (Bankr. E.D.Ky.1996); *In re Stegall,* 188 B.R. 597 (Bankr.W.D.Mo.1995); *but see In re Gibson,* 219 B.R. 195, 203–204 (6th Cir. BAP 1998) (remanded to determine if an agreement to pay third party, embodied in a domestic court order, is an enforceable obligation under state law in the absence of a hold harmless provision).

7. Colo.Rev.Stat. § 14–10–101 et seq.

8. Colo.Rev.Stat. § 14–10–112(5).

9. Separation Agreement, ¶ 9.

10. Colo.Rev.Stat. § 14–10–112(5); *In re Marriage of Rosenthal,* 903 P.2d 1174, 1176 (Colo. App.1995) ("[T]he terms of that ... agreement are no longer enforceable as contract terms because they were made an order of court. Consequently, the parties' arguments concerning contract interpretation are inapposite.").

11. 11 U.S.C. § 523(a)(15).

12. 219 B.R. 195 (6th Cir. BAP 1998).

ruptcy law to determine if the spouse has an independent right to enforce the terms of the dissolution decree." [13]

A "debt" under the Bankruptcy Code is a "liability on a claim" [14] and a "claim" is a "right to payment ... or ... *right to an equitable remedy for breach of performance if such breach gives rise to a right to payment* ____" [15] Thus, the Court concludes that, so long as Colorado law gives the Plaintiff a right to enforce the allocation of marital debt delineated in the Separation Agreement, and that enforcement mechanism "gives rise to a right to payment," [16] then the debtor has incurred a debt in the course of his divorce proceeding that is nondischargeable under § 523(a)(15). Such is the case.

Under COLO.REV.STAT. § 14–10–112(5), the Separation Agreement "may be enforced by all remedies available for the enforcement of a judgment, including contempt." Certainly then, the Divorce Decree and all terms of the Separation Agreement incorporated into the Divorce Decree are enforceable in proceedings for contempt of court.

In addition to that statutory authority, it falls within the inherent powers of all courts to enforce obedience to their judgments through contempt proceedings.[17] Colorado's rules of civil procedure define "contempt" as *inter alia* "disobedience or resistance by any person to or interference with any lawful writ, process, or order of the court." [18] Upon a finding of contempt, "[t]he court shall enter an order ... describing the means by which the person may purge the contempt and the sanctions that will be in effect until the contempt is purged.... If the contempt consists of the failure to perform an act in the power of the person to perform and the court finds the person has the present ability to perform the act so ordered, the person may be fined or imprisoned until its performance." [19]

Thus, the Domestic Court has available to it the full range of remedies, up to and including imprisonment, to compel obedience to its orders. It is clearly within the power of the Colorado courts to enforce Defendant's agreement to pay the Capital One Debt, with or without a hold harmless provision in the Separation Agreement or the Divorce Decree. Both the traditional contempt powers available to all courts and the contempt powers written into Colorado's procedural rules are broad enough to allow entry of a judgment indemnifying the Plaintiff for any damages she should suffer as a consequence of Defendant's failure to comply with the Divorce Decree.

The Domestic Court has continuing jurisdiction to enforce its Divorce Decree.[20] Moreover, it has exclusive jurisdiction over any contempt action with respect to its Divorce Decree.[21] For that reason, it is

---

**13.** *In re Shreffler*, 319 B.R. 113, 120 (Bankr. W.D.Pa.2004).

**14.** 11 U.S.C. § 101(12).

**15.** 11 U.S.C. § 101(5) (emphasis added).

**16.** *Id.*

**17.** *See, e.g., Kourlis v. Port*, 18 P.3d 770, 773 (Colo.Ct.App.2000) ("[C]ontempt is neither a statutory nor a common-law crime. Instead, the authority to punish contempt is an exercise of a court's inherent powers to enforce obedience to its orders.") (citing *Austin v. City*

*and County of Denver*, 156 Colo. 180, 397 P.2d 743, 745–46 (1964)).

**18.** COLO. R. CIV. P. 107(a)(1).

**19.** COLO. R. CIV. P. 107(d)(2).

**20.** *Mockelmann v. Mockelmann*, 121 P.3d 337, 339 (Colo.Ct.App.2005).

**21.** *Gonzales v. District Court In and For Otero County*, 629 P.2d 1074, 1076 (Colo.1981) ("As a general rule, jurisdiction to punish a contempt rests solely in the contemned court; no court can try a contempt against another.").

beyond the proper jurisdiction of this Court to include any money judgment within this judgment of nondischargeability.[22] This Court may only hold whatever sanction that may be levied in favor of the Plaintiff against the Defendant with respect to Defendant's noncompliance with the Divorce Decree is nondischargeable.

## VI. *Conclusion:*

In sum, whether or not the Separation Agreement contains an indemnity or hold harmless provision is immaterial. Plaintiff and Defendant were the parties to the dissolution proceedings. Regardless of whether the obligation is to pay money directly to Plaintiff or to Capital One, she is the intended beneficiary of that obligation and the obligation is fully enforceable by the Domestic Court. The Divorce Decree does create a "debt" to the Plaintiff as that term is used in 11 U.S.C. § 523(a)(15). It is a debt that is, as yet, unliquidated because the Domestic Court has yet to take action to enforce its Divorce Decree. When it does, it may or may not do so by entering a money judgment in the Plaintiff's favor. But it is not necessary for this Court to find that a money judgment in Plaintiff's favor will inevitably enter. It is enough that it is well within the power of the Domestic Court to enter such a judgment.

## VII. *Order:*

In accordance with the foregoing discussion, it is

**ORDERED** that the *Plaintiff's Dispositive Motion for Summary Judgment* filed on April 28, 2008 (Docket # 25) is hereby GRANTED.

22. Whether a bankruptcy may properly enter a money judgment under these circumstances where the state court divorce decree does

**FURTHER ORDERED** that JUDGMENT shall enter in favor of the Plaintiff finding that the obligations to pay child support and to pay the parties' credit card debt to Capital One as reflected in the Decree of Dissolution of Marriage entered in the case captioned In re the Marriage of James Burckhalter, Petitioner, and Karen Burckhalter, Co-petitioner, Case No. 04 DR 308, District Court, Mesa County, Colorado, dated July 6, 2004, are nondischargeable debts under 11 U.S.C. §§ 523(a)(5) and 523(a)(15) in Defendant's chapter 7 bankruptcy case number 07–18249–HRT.

contain indemnification or hold harmless clause is a matter not presented by this case.