**KLASSEN, Plaintiff-Appellee, v. NEWELL, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5731. Decided October 11, 1957.

Elwood L. Carpenter, Columbus, for plaintiff-appellee.
King & Gross, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Municipal Court of Columbus rendered in favor of the plaintiff-appellee.

The parties will hereafter be referred to as they appeared in the trial court.

The petition sets forth a cause of action against the defendant based upon a separation agreement between the parties, who were married at the time, providing for the support of their minor children after their separation. The amended answer to the petition was a general denial in addition to four other special defenses set forth but which are not pertinent to the issues here presented.

The record reveals that the said agreement was entered into in the state of New York and provided for the support of the children during their respective minorities. The eleventh item of this agreement provided for its incorporation into a decree of divorce and is as follows:

"Nothing herein contained shall be deemed to preclude or bar either of the parties hereto from maintaining a suit for absolute divorce against the other in any jurisdiction, upon any lawful grounds whatsoever; provided, however, that if consistent with the rules and practice of the court granting such decree of absolute divorce, the terms and provisions of this agreement shall be incorporated in such decree, by reference or otherwise, and no provision shall be made in any such decree for the support of the wife except as herein provided."

It further appears that subsequent to said agreement the wife, who is the plaintiff herein, established a domicile in the State of Nevada and filed her action for divorce in said state. The divorce was duly granted, the decree reciting that the husband appeared by counsel and filed his answer to the petition. The decree further provided:

"It is further ordered, adjudged and decreed that the agreement entered into between plaintiff and defendant, dated March 17th, 1950, a copy of which was introduced in evidence as plaintiff's Exhibit 'A,' be and the same hereby is, in all respects ratified, confirmed, approved and adopted by the above entitled Court and made a part hereof by reference thereto, and each of the parties hereto is hereby expressly directed and ordered to comply with said agreement and with all the terms and provisions thereof. * * *"

It is urged by counsel for the defendant, who is the appellant, that the court was without jurisdiction over the subject matter of the petition and also that the judgment is against the manifest weight of the evidence. The jurisdictional question is the only one requiring our attention, as it does not appear to us that the judgment is against the weight of the evidence.

The record reveals that during the course of the trial a motion was entered by the defendant for a dismissal of the petition for the reason that the court had no jurisdiction over the subject matter of the case. This motion was overruled and the question therefore presented is whether it erred in so doing.

It is the contention of the defendant-appellant that the separation agreement became merged with the divorce decree and therefore if the plaintiff has a cause of action in this state it must arise by virtue of that final decree. This theory of the case is supported by the case of

**Holloway v. Holloway, 130 Oh St 214,** which was a contempt proceeding against a husband for failure to pay alimony as provided in a separation agreement which was incorporated into and made a part of the divorce decree. It was there urged that a separation agreement could not be enforced by a contempt proceeding. The court, speaking through Judge Day, said at page 216:

"The problem here presented is not the enforcement of an agreement by contempt proceedings, but rather the enforcement by contempt proceedings of a decree which has incorporated therein an agreement to pay alimony. The distinction is important. A decree is valid as such regardless upon what it may be grounded. There is nothing in the law to render a decree invalid or ineffectual merely because it is predicated upon an agreement of separation, which agreement is incorporated bodily in the decree. A decree which incorporates an agreement is a decree of court nevertheless, and as soon as incorporated into the decree the separation agreement is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforcible as such."

Applying these principles to our case it is our conclusion that the separation agreement entered into by the parties hereto became superseded by the divorce decree and any action in this state must be based upon the judgment of the Nevada court which retains jurisdiction during the minority of the children. The continuing jurisdiction of the Nevada court is provided for by Section 9462 of that state's Code, to wit:

"The court, in granting a divorce, shall make such disposition of, and provision for, the children, as shall appear most expedient * * * provided that in actions for divorce the court may during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance, and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same.

"* * *All acts or parts of acts in conflict herewith are hereby repealed.

"* * * As amended, statutes 1947, 271."

The principle of law announced in the case of Holloway v. Holloway, supra, seems to be in accord with the general rule which is discussed at some length in 17 Am. Jur. 94, Section 907. It is there stated:

"The prevailing rule is that where the underlying obligation is a promise to pay money, a judgment or decree for the payment of money merges the obligation in the judgment or decree and an independent action cannot later be brought on the obligation; but where the obligation and decree require something other than the payment of money, the obligation is not merged in the decree. This rule applies in divorce cases * * *."

The judgment will be reversed and since the question presented is one of law this court will enter the judgment that should have been entered in the trial court to wit, the motion to dismiss is sustained, the petition is ordered dismissed and judgment rendered for the defendant for costs.

The cause will be remanded to the Municipal Court of Columbus for enforcement of the judgment.

PETREE, PJ, BRYANT, J, concur.