Public Finance Corp. of Warren, Plaintiff-Appellant, *v.* Tate, Defendant-Appellee.

Ohio Appeals, Seventh District, Portage County.

No. 280.   Decided June 25, 1963.

*Mr. Morris Mendelssohn,* for plaintiff-appellant.
*Mr. Titus Jackman,* for defendant-appellee.

FRANCE, J. This appeal on questions of law is from a judgment rendered for defendant by Ravenna Municipal Court, the judge sitting without intervention of a jury.

In its petition, plaintiff pleaded the making of a loan to defendant in the amount of $808.00, evidenced by promissory note, that there was, with interest, the sum of $840.38 due thereon; that to procure the loan, defendant executed a financial statement in which several then existing creditors were omitted and that the defendant obtained the loan "by making a materially false statement in writing and/or obtained this loan by misrepresentation and/or false pretenses."

Defendant's answer, without separately stating and numbering defenses, denied intentional failure to list creditors on his part, denied reliance by plaintiff on any statements as may have been unintentionally incorrect, set up adjudication in bankruptcy, admitted the loan and denied all other allegations of the petition.

Plaintiff's reply claimed that "the bankruptcy proceedings and/or the discharge obtained, if any, "were not a bar for the reason that the note executed and the debt created was obtained by defendant making a materially false statement in writing and "by false pretenses and/or false representations."

The case was tried on these pleadings, neither party moving for judgment on the pleadings before or during the course of trial. The trial itself was a rather rollicking affair, enlivened by almost incredible cross-insults of opposing counsel and devoted almost entirely to testimony as to the failure of defendant to list his then existing creditors. At its conclusion the trial judge found for the defendant, specifically finding that plaintiff had not relied on any false statements in the financial statement and was not influenced thereby in making the loan.

Judgment was entered for the defendant. Motion for new trial was made and overruled.

In this appeal four errors are assigned which are not separately argued in brief. They are:—

1. That the decision is against the manifest weight of the evidence.

2. That it is contrary to law.

3. That the trial court erred in not granting judgment for plaintiff when defendant failed to plead "the discharge" and introduce the same in evidence.

4. Other errors occurring at trial.

Under the fourth assignment no particular errors are called to our attention by brief and we therefore treat such claim as abandoned.

As to the third assignment we note that plaintiff failed to ask for judgment on the pleadings before trial, never moved to the merits during trial, and never demurred to that portion of defendant's answer which set up adjudication but not discharge in bankrutcy. We are of the opinion that defendant's answer, in setting up adjudication in bankruptcy rather than discharge, was defective. For this same reason plaintiff's allegations as to the false financial statement in the petition were entirely surplusage unless it could have been plaintiff's purpose to lay a basis for a *subsequent* bankruptcy of defendant. See 8 Remington, Bankruptcy, 184. Plaintiff sued on a note given for a loan. Whether or not the granting of the loan was induced by a false financial statement was completely irrelevant to a case involving an intervening bankruptcy unless and until defendant pleaded discharge in bankruptcy. Then and only then would it become necessary for plaintiff, in his reply, to allege and prove that the liability was one "for obtaining money or property by false pretenses or false representations," or for "obtaining an extension or renewal of credit upon a materially false statement in writing respecting his financial condition," as provided in Section 17 (A) (2) of the Bankruptcy Act.

Had plaintiff moved for judgment on the pleadings at any time prior to the submission of evidence which changed the nature of his case, it would have been error to overrule the

motion. Since he did not do so his claim of error in that regard is not well founded.

As to the first assignment of error, relative to the manifest weight of the evidence, it should be sufficient to note that all evidence received on the question of false financial statements was completely irrelevant until such time as defendant offered to prove a discharge in bankruptcy. Since he never offered such proof the entire financial statement testimony, which occupied ninety percent of the trial time, was extraneous to the case. We do not consider the trial judge's findings as to the false financial statements against the weight of the evidence; we merely find them unnecessary and non-dispositive of the case.

In his claim that the judgment of the trial court is contrary to law, plaintiff-appellant emphasizes that execution and delivery of the note and consideration therefor was established. Apart the question of false financial statements, this was sufficient to entitle it to a judgment in its favor unless there was evidence of discharge or satisfaction of the obligation after it was incurred. There was neither plea nor proof of payment, discharge in bankruptcy or accord and satisfaction. No other affirmative defense was pleaded and the only serious question is whether or not the disclosures contained in plaintiff's own documentary evidence constitute a sufficient bar to the action to sustain the trial court's judgment.

The note itself (Plaintiff's Exhibit No. 2) bears the following hand stamp and signature:—

WARREN MUNICIPAL COURT
COGNOVIT NOTE
Warren, Ohio                                    Case No. 73079
this note merged in Judgment this 29 day of March   1962.
                          /s/ James A. Ravella
                                    Judge.

Plaintiff's own evidence thus carries the information that the cause of action for the note on which he was then suing was merged in a judgment rendered upon it. The resulting judgment then became, to the exclusion of the note itself, the evidence of the debt, for the judgment is a higher form of the same debt. The original cause of action or the note itself on

which the action was based was extinguished in effectiveness by the rendition of the judgment. *Baker* v. *Kinsey*, 41 Ohio St., 403, see 30A American Jurisprudence, 369, Judgments, Section 321. Certain exceptions and modifications of this strict rule applying to set-offs in equity are certainly not here applicable.

The matter of concern here is not so much whether the cause of action on the note was barred by prior judgment taken on it, but whether the mere notation of existence of judgment carried on the note itself was sufficient for the court to conclude the merger had occurred. Upon consideration we believe the notation sufficiently called into question the merger theory to require plaintiff, who offered the note into evidence, to dispel the presumption that such merger had occurred. See *Massillon Savings & Loan Co.* v. *Imperial Finance Co.*, 114 Ohio St., 523, 30A American Jurisprudence, 495, and cases collected 120 A. L. R., 87-90. Although the defense of res adjudicata was not pleaded, the situation appears quite analogous to that in which in negligence action the plaintiff's own evidence gives rise to an inference of contributory negligence which he is then required to dispel. Plaintiff here produced no evidence denying the recitation of judgment or showing that it was invalid, unenforceable or had been vacated. The trial judge was therefore warranted in finding, as he did (p. 3 opinion and finding) that the claim should have been presented on the Warren Municipal Court judgment, by way of transfer or aid of execution, and that suit on the note was barred by res adjudicata.

We do not have any question here of whether a subsequent bankruptcy discharge affected the validity of the prior judgment, because the Warren Municipal Court judgment was *subsequent* to the bankruptcy proceedings. For these reasons we find the second and principal assignment of error not well taken.

Finding no error prejudicial to plaintiff-appellant we affirm the judgment of the Ravenna Municipal Court.

BROWN, P. J., concurs.
JONES, J., not participating.