In re Paul A. PATTERSON, Debtor.

Janie M. PATTERSON, Plaintiff,

v.

Paul A. PATTERSON, Defendant.

Bankruptcy No. 95–32550(3)7.
Adv. No. 95–3139.

United States Bankruptcy Court,
W.D. Kentucky.

April 5, 1996.

J. Michael Poole, Bruce Garrett Anderson, Louisville, Kentucky, for Debtor/Defendant.

Joseph S. Elder, II, Louisville, Kentucky, for Plaintiff.

J. Baxter Schilling, Trustee, Louisville, Kentucky.

### MEMORANDUM

DAVID T. STOSBERG, Bankruptcy Judge.

This case came before the Court for trial on January 30, 1996, for a determination of the dischargeability of two debts arising from a state court divorce action pursuant to 11 U.S.C. § 523(a)(15). The first debt is $25,-000 which the state court ordered Defendant to pay to Plaintiff, constituting one-half of the value of the parties' marital business. The second debt in the amount of $6,606.88 equals one-half of the marital credit card debt. The state court ordered the Plaintiff to pay the marital credit card debt totalling $13,213.75; Defendant was then ordered to reimburse the Plaintiff for one-half of that debt, or $6,606.88. *See* Plaintiff's Exhibit # 1, Findings of Fact, Conclusions of Law and Order.

Prior to trial, this Court entered an Order directing the parties on the proper burden of proof in a nondischargeability case arising under 11 U.S.C. § 523(a)(15). *See*

Docket # 18. In accordance with that directive, the parties stipulated to the divorce decree (Plaintiff's Exhibit # 1; the state court Findings and Conclusions) and to the fact that the two debts in question did not fall under Section 523(a)(5); that is, they were not in the nature of alimony, maintenance or support. The burden then fell upon the Defendant to demonstrate his inability to pay these debts. *See* 11 U.S.C. § 523(a)(15)(A). The parties both offered proof regarding the detrimental effects on each party of the discharge or payment of these debts. *See* 11 U.S.C. § 523(a)(15)(B).

Before analyzing the proof presented, we adopt and incorporate herein by reference a recent opinion, to be published, written by Chief Judge Henry H. Dickinson in the case of *In re Smither*, 194 B.R. 102 (Bankr. W.D.Ky.1996). In *Smither*, Judge Dickinson clearly and completely discussed the criteria for the Court to consider in a Section 523(a)(15) case. We now apply the *Smither* criteria to this case.

The Defendant testified to a decrease in his ability to work overtime at Ford, where he has worked for twenty (20) years. Defendant testified briefly regarding a hand injury resulting from a chemical infection, which at the time of trial, had resulted in a temporary reduction in income. The Defendant's proof was not compelling, however, regarding the long-term effect of this injury on the Defendant's continuing ability to earn. The Defendant's petition shows that he earned $78,000 per year at Ford in 1995, but shows a decrease in income to $5,000 per month gross on his bankruptcy petition. *See* Schedule I of Defendant's Exhibit # 2. The Court, finding the Defendant's testimony regarding the hand injury to be incomplete and unpersuasive, relies on the Defendant's sworn schedules in fixing his income for purposes of the Section 523(a)(15) determination. Schedule I reflects a monthly gross income of $5,000, which the Court considers a modest estimate of the Defendant's current income, given the Defendant's 1995 gross income of approximately $6,500 per month. The Defendant's current spouse is not employed.

On cross examination, the Defendant testified regarding the decrease in his monthly

expenses since the filing of the bankruptcy. At the time of the filing, the Defendant's net monthly income totalled $3,870 and his expenses were $3,925 (including $761 per month in child support paid to the Plaintiff due to years of arrearage). *See* Schedules I and J of Defendant's Exhibit # 2. However, the proof at trial revealed that Defendant's expenses had dropped by approximately $700 per month. This reduction in expenses resulted from a reduction in housing expense from $897 to $725; a decrease in telephone bill from $100 to $50; the elimination of a boat slip rental charge of $100, the Debtor having reaffirmed on the boat and then having rescinded the reaffirmation agreement; a decrease in medical expenses from $100 to $50; a decrease in transportation costs from $300 to $180; a reduction in homeowner's insurance from $150 to $50, due to a change in residence from living on the boat owned by the Defendant to renting a three-bedroom house for him and his current spouse; and finally a decrease in auto insurance from $150 to $75 per month, resulting from a decrease in the numerous vehicles owned by Defendant. The Defendant's current monthly expenses of approximately $3,200 and his net monthly income as reflected on Schedule I of $3,870, leaves the Defendant with an excess monthly income of $670 with which to pay these court-ordered debts he owes the Plaintiff.

The Court finds pursuant to 11 U.S.C. § 523(a)(15)(A) that Defendant has failed to meet his burden of proving an inability to pay the debts owed to Plaintiff.

Although we are not required to apply the balancing test set forth in 11 U.S.C. § 523(a)(15)(B) (having found the Defendant has the ability to pay the debts in question), the parties offered proof as to the respective detrimental consequences to them if the debts were discharged. In that regard, the Court will address the balancing test and make alternative findings.

The Plaintiff testified regarding her current financial circumstances. The Plaintiff's net monthly income is $1,262.10. Plaintiff also testified that she "sporadically" receives child support from Defendant for their 12–year old son of approximately $611 per month. Her income including child support totals $1,873.00. She and her son live in an apartment where she pays $350 per month in rent. Plaintiff's modest monthly expenses total approximately $2,000. *See* Plaintiff's Exhibit # 5, showing a breakdown of Plaintiff's income and expenses.

As set forth in the *Smither* opinion, one of the factors that the Court should consider in applying the balancing test is the "good faith" of the parties involved in the Section 523(a)(15) litigation. *See Smither*, 194 B.R. at 111. The Court has alluded to Defendant's conduct which indicates an overall tone of "bad faith." The "bad faith" conduct exemplified by this Defendant is cumulatively astonishing. The proof elicited at trial demonstrated that the Defendant had run up credit card charges totalling approximately $45,000 (15 credit cards) in the short period of time following the parties' divorce. Further, Debtor has filed a total of three bankruptcies: he filed the first bankruptcy when, in his words, he was a "teenager", and he filed both the second bankruptcy and the third bankruptcy following divorce proceedings. Defendant lives in a three-bedroom house with only himself and his spouse, paying unnecessary and excessive rent of $725 per month. The Defendant has failed to pay child support causing Plaintiff to resort to garnishment of his wages. The Defendant purchased an expensive new boat in the months preceding the filing and sold estate property in order to raise an $8,000 deposit to purchase the boat. Defendant purchased and sold four cars and a timeshare in the short period of time preceding the filing. Finally, Defendant paid certain creditors listed in the schedules after filing his petition.

The Plaintiff, on the other hand, is working to improve herself in her profession and has no extra money, spending approximately $10 per month on entertainment for herself and her 12–year old son. Plaintiff has survived only through borrowing money from her parents on a periodic basis. Further, the Plaintiff testified that if awarded this $31,600, she would use it to pay off debts and place the rest in savings for her son's education.

In accordance with Judge Dickinson's opinion in *In re Smither*, 194 B.R. at 110–11,

we have considered and compared the relative standards of living of the parties and find the Plaintiff's standard of living to fall materially below the Defendant's. Applying the "balancing test" set forth in 11 U.S.C. § 523(a)(15)(B), the Court finds the scales tilt heavily in favor of Plaintiff, who proved the extreme detriment to her and her dependent if these debts were discharged. *See In re Phillips,* 187 B.R. 363 (Bankr.M.D.Fla.1995) and *In re Florio,* 187 B.R. 654 (Bankr. W.D.Mo.1995), for a discussion of the "balancing test." The proof of Defendant's excess monthly income and alternatively, his "bad faith" conduct, persuades this Court to find these debts nondischargeable.

An Order has been entered awarding the Plaintiff a nondischargeable judgment in the amount of $31,600 with interest running at the Kentucky post-judgment rate of 12% interest from May 8, 1995 up through the date of entry of this Court's order. Thereafter, interest will run at the federal judgment rate of interest, currently 5.46%.