**In re Michael A. GIBSON, Debtor.**

**Patianne GIBSON, Plaintiff,**

**v.**

**Michael A. GIBSON, Defendant.**

Bankruptcy No. 96–15530.

Adversary No. 97–1015.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

June 16, 1997.

Thomas C. Pavlik, Cleveland, OH, for Plaintiff.

Sheldon Stein, Cleveland, OH, for Defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Plaintiff, Patianne Gibson filed her Complaint to Determine Dischargeability of a debt wherein she and the Debtor–Defendant Michael A. Gibson, her former spouse, are co-obligors. This action is premised upon dischargeability provisions found in 11 U.S.C. § 523(a)(5) and (a)(15) of the Bankruptcy

Code. In response, the Debtor filed his Answer and a Motion For Summary Judgment. Upon a duly scheduled hearing, the parties respective arguments have been considered, in addition to an examination of the pleadings filed.

Summary judgment motions are considered in view of the procedural standards of Rule 56, Fed.R.Civ.P., as adopted by Bankruptcy Rule 7056, Bankr.R. In pertinent part, Rule 56 provides:

R.56(c)

> The judgment sought shall be rendered forthwith if the pleadings, depositions, ... together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.

In view of the above procedural standard, the burden of proof is upon the moving party, the Defendant–Debtor, who must show that he is entitled to a grant of summary judgment as a matter of law.

Herein, the parties entered into a separation agreement (Agreement) on April 30, 1996 which, ultimately, was incorporated into a final decree of divorce (Divorce Decree) on May 9, 1996. Subsequently, on October 9, 1996, the Debtor–Defendant filed his petition for Chapter 7 relief in this Court. Among the several debts scheduled on the Debtor's petition for discharge is a debt in an amount of $26,500.00 owed to the Debtor's step-father, Robert Perdue, which was borrowed by the parties from Perdue on May 17, 1992. Once the Debtor filed for bankruptcy relief, this adversary proceeding ensued.

The principal dispositive issue in this proceeding is whether the absence of a "hold harmless" clause in a separation agreement renders an otherwise nondischargeable obligation dischargeable.

Paragraph No. 8 of the Agreement provides:

8. Debts:

> The wife shall pay the following debts and hold the Husband harmless thereon: Home Federal Mastercard, Huntington Visa, 1994 Income Tax Obligations, and obligations to certified public accountant incurred prior to the parties' separation. The Husband shall pay any and all debts to his parents, if any.

Under § 523(a)(5) a discharge under provisions of § 727 of the Code does not discharge an individual debtor from any debt payable to a spouse, former spouse, or child of the debtor pertaining to maintenance or support of those individuals in connection with a separation agreement, divorce decree or other order of a court of record. Further, it is generally held that "hold harmless" provisions contained in such agreements result in nondischargeable debts. Herein, the subject obligation is not payable to a spouse, former spouse or dependent child of the Debtor. Said debt specifically is not addressable as a support or maintenance obligation in the underlying separation agreement (Agreement). Significantly, the only reference to the subject debt attributable to the Debtor is found in Paragraph No. 8 of the Separation Agreement which provides, in pertinent part:

> Husband shall pay any and all debts to his parents, if any.

From the above-quoted language, it is clear that the obligees on such debt are the Debtor's parents and not the former spouse. Further, it is clear that no "hold harmless" provision attaches to this obligation. Both parties signed the Agreement, and both were represented by legal counsel throughout the divorce proceeding. Additionally, in Paragraph No. 9, "Assumption of Debts," of the Agreement the parties agreed to assume and pay their respective individual debts which occurred either before or during the marriage as well as during the period of separation. Regarding the subject $26,500.00 note held by the Debtor's step-father, both parties herein had individual liability as they were co-obligers on the note. As such, the assumption of individual debt provision of Agreement Paragraph No. 9 applies.

The parties expressly provided in the Agreement the debts which would be affected by a "hold harmless" provision, and those debts were specifically enumerated. (See Agreement, Para. No. 8). Notably, the subject debt was not mentioned among those

debts. Lastly, it is undisputed that the subject debt did not arise out of a divorce decree or separation agreement for maintenance or support. Where a separation agreement or decree of divorce fails to provide a "hold harmless" provision regarding one or more debts, a former spouse is not entitled to indemnification or reimbursement where the debtor fails to pay a joint obligation to a third party.

As was correctly noted in a recent decision in *In re LaRue,* 204 B.R. 531, 534 (Bankr. E.D.Tenn.1997):

"Regardless of whether the nondischargeability complaint is raised under § 523(a)(5) or (15), these subsections apply only to obligations owed by the debtor directly to a spouse, former spouse, or child 'in connection with' a divorce decree, separation agreement, or related court order. Fundamental to the maintenance of a dischargeability complaint [under these subsections] is the requirement that the debtor must be obligated to the plaintiff under the terms of the requisite agreement or order...." 204 B.R. at 534.

As stated above, the subject obligation is not owed to the Plaintiff former spouse, and neither the Decree nor Agreement lists this particular debt as a support obligation. Thusly, the subject debt is not precluded from discharge under provisions of § 523(a)(5) of the Code.

Under § 523(a)(15), this Code provision denies discharge of any debt under § 727 which is:

... [N]ot of a kind specified in paragraph (5) that is incurred by a debtor in the course of a divorce or separation agreement or in connection with a separation agreement, divorce decree or other order of a court of record. 11 U.S.C. § 523(a)(15).

Having found above that the subject debt is owned to someone other than the Debtor's former spouse, with no "hold harmless" provision applicable thereto, this debt also is not barred from discharge under § 523(a)(15). As the legislative history to this subsection indicates:

It is only the obligation owed to a spouse or former spouse—an obligation to hold the spouse or former spouse harmless— which is within the scope of this section. H.R.Rep. No. 103–835, at 55 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3364 (footnote omitted).

Thusly, in the absence of a "hold harmless" provision in a divorce decree or separation agreement, a joint debt owed to a third party is a dischargeable debt under § 523(a)(15). See, *LaRue, supra* at 535; *Belcher v. Owens,* 191 B.R. 669, 674 (Bankr.E.D.Ky.1996); *Stegall v. Stegall,* 188 B.R. 597, 598 (Bankr. W.D.Mo.1995).

*Conclusion*

Accordingly, the subject debt is found to be a dischargeable obligation under provisions of 11 U.S.C. § 523(a)(5) and (a)(15). Summary judgment is hereby granted in favor of the Defendant–Debtor, and the Complaint is hereby dismissed. Each party is to bear its respective costs.

IT IS SO ORDERED.