*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  11b0008n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re    PETER S. HOLLINGTON, | ) | |
|        Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | No. 10-8086 |
| PETER S. HOLLINGTON, | ) | |
|        Appellant, | ) | |
| v. | ) | |
| | ) | |
| MARGARET E. RUF, | ) | |
|        Appellee. | ) | |

Filed:  November 17, 2011

Before:  BOSWELL, McIVOR, and RHODES, Bankruptcy Appellate Panel Judges.

———————————

**ORDER**

———————————

On December 10, 2009, Peter S. Hollington, ("Hollington"), filed a complaint to determine the dischargeability of certain debts arising from his 2008 divorce from Margaret E. Ruf, ("Ruf"). Specifically, Hollington alleged that his obligation to pay the mortgage on the marital residence as well as his obligation to pay his children's private school tuition were dischargeable in his chapter 11 bankruptcy.  The bankruptcy court issued a "Memorandum of Opinion" on July 30, 2010, in which it concluded that both debts were excepted from Hollington's discharge pursuant to 11 U.S.C. § 523(a)(15).  The bankruptcy court issued a judgment in accordance with its opinion that same day. Hollington appealed that portion of the bankruptcy court's decision which found the obligation to

pay the children's tuition non-dischargeable. He did not, however, appeal the portion of the bankruptcy court order regarding the marital residence.

In issuing its July 30, 2010, decision, the bankruptcy court relied in part on *Gibson v. Gibson* (*In re Gibson*), 219 B.R. 195 (B.A.P. 6th Cir. 1998) in which the Bankruptcy Appellate Panel of the Sixth Circuit concluded that a debtor's obligation to pay existing third-party obligations under an Ohio divorce decree was a debt incurred by the debtor in connection with the divorce decree and, therefore, non-dischargeable. Although *Gibson* was decided prior to enactment of BAPCPA, it is still good law and its holding is controlling as to the issue in this case.

After reviewing the record, the parties' briefs, and applicable law, this Panel determines that no jurisprudential purpose would be served by a panel opinion. The bankruptcy court's findings of fact are not clearly erroneous and its conclusions of law are correct. We therefore affirm the bankruptcy court's decision for the reasons stated by that court in its well-written opinion.

ENTERED BY ORDER OF THE PANEL

/s/ Leonard Green
_____
Clerk